**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

|   |   |
|---|---|
| JACK NAGER<br>16700 Alexander Manor Drive<br>Silver Spring, MD 20905<br><br>      *Plaintiff*<br><br>      v.<br><br>CROWN CONSULTING, INC.<br>1109 Chickasaw Drive<br>Silver Spring, MD 20903<br><br>   Serve: Afzal Khan<br>          400 Firestone Drive<br>          Ashton, MD 20861<br><br>      *Defendant.* | Civil Action No. |

## COMPLAINT

Plaintiff Jack Nager ("Mr. Nager" or "Plaintiff"), by and through undersigned counsel, hereby alleges as follows:

## NATURE OF ACTION

1. Plaintiff brings this action against Defendant Crown Consulting, Inc. ("Defendant" or "Crown") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. for violation of ERISA §§ 502(a)(3) and 510 (29 U.S.C. §§ 1132(a)(3) and 1140), and for appropriate equitable relief.

2. This is also a challenge to Defendant's fraudulent inducement of Plaintiff to enter into an employment agreement with Defendant.

## JURISDICTION AND VENUE

3. The allegations in the foregoing paragraphs are incorporated by reference as if each were fully set forth herein.

4. This Court may exercise subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 1132(e)(1).

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as they arise out of the same case or controversy as his federal claims.

6. This Court has personal jurisdiction over Defendant because Defendant's is a Maryland corporation.

7. Venue is appropriate pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)), because the Defendant resides in the Division.

## PARTIES

8. The allegations in the foregoing paragraphs are incorporated by reference as if each were fully set forth herein.

9. Plaintiff is an adult resident of Maryland.

10. Crown is a corporation formed under the laws of Maryland, with its principal place of business in Arlington, Virginia.

11. Crown is the in the business of aviation and logistics consulting.

## FACTUAL ALLEGATIONS

12. The allegations in the foregoing paragraphs are incorporated by reference as if each were fully set forth herein.

13. In or around 2016, Mr. Nager worked as consultant for Defendant.

14. In late 2016, Mr. Nager was approached by Defendant's President and CEO Afzal Khan about becoming a full-time employee of Defendant.

15. During the course of discussions, Mr. Khan represented that Defendant would compensate Mr. Nager with stock after two years of employment.

16. During the course of discussions, Mr. Khan represented to Plaintiff that he would receive performance bonuses up to 30% of Plaintiff's annual base salary.

17. In reliance of Mr. Khan's representation, Mr. Nager accepted the position of Vice President and executed a contract with Defendant.

18. In or around late 2016, Plaintiff and Defendant executed a written employment contract (the "Contract") with an employment start date of January 1, 2017.

19. Pursuant to the terms of the Contract, Plaintiff was entitled to "2.5% of Crown stock vested [at] 40% … following 2 … years after initial grant at fair market value (Crown net worth as shown on Crown CPA audit for 2016)" (the "Stock Plan").

20. Shortly before Plaintiff reached two years of employment with Defendant, at which time his stock options would have begun to vest under the Stock Plan, without justification or cause, Defendant terminated Plaintiff's employment.

21. The sole reason for Defendant's termination of Plaintiff's employment was to prevent Plaintiff from attaining the right to benefits under the Stock Plan.

22. On information, Defendant had promised one or more similarly situated employees company stock following two years of employment.

23. On information, Defendant terminated one or more similarly situated employees prior to their vesting in the promised stock compensation.

24. Defendant terminated Mr. Nager, like other similarly situated employees, to prevent him from becoming entitled to the promised stock compensation.

25. Defendant has a practice of terminating employees prior to their vesting in company stock to prevent them from receiving promised compensation and benefits.

## COUNT I
## Violation of ERISA § 510

26. The allegations in the foregoing paragraphs are incorporated by reference as if each were fully set forth herein.

27. The Stock Plan was an "employee benefit plan" as defined under 29 U.S.C. § 1002(3).

28. The promised bonuses are part of a Bonus Plan that, on information, is a welfare benefit plan as defined under 29 U.S.C. § 1002(3).

29. At all relevant times, Plaintiff was a participant in both the Stock Plan and the Bonus Plan.

30. At all relevant times, Plaintiff was qualified for his position at Crown.

31. Defendant's sole reason for terminating Plaintiff's employment was to prevent Plaintiff from attaining the right to benefits under the Stock Plan and Bonus Plan.

32. By terminating Plaintiff's employment, Defendant interfered with Plaintiff's attainment of his right to benefits under the Stock Plan and Bonus Plan.

33. As a result of Defendant's termination of Plaintiff's employment, Plaintiff has suffered a loss of wages due and benefits owed.

## COUNT II
### Violation of ERISA § 502(a)(3)

34. The allegations in the foregoing paragraphs are incorporated by reference as if each were fully set forth herein.

35. The Stock Plan was an "employee benefit plan" as defined by 29 U.S.C. § 1002(3).

36. The Bonus Plan was an "employee benefit plan" as defined by 29 U.S.C. § 1002(3).

37. At all relevant times, Plaintiff was a participant in the Stock Plan and the Bonus Plan.

38. At all relevant times, Plaintiff was qualified for his position at Crown.

39. Defendants sole reason for terminating Plaintiff's employment was to prevent Plaintiff from attaining the right to benefits under the Stock Plan and the Bonus Plan.

40. By terminating Plaintiff's employment, Defendant interfered with Plaintiff's attainment of his right to benefits under the Stock Plan and the Bonus Plan.

41. As a result of Defendant's termination of Plaintiff's employment, Plaintiff has suffered a loss of wages due and benefits owed.

## COUNT III
### Fraud in the Inducement

42. The allegations in the foregoing paragraphs are incorporated by reference as if each were fully set forth herein.

43. Defendant, via Mr. Khan, represented that it would pay Plaintiff stock compensation after two years of employment.

44. Defendant's representation was false because Defendant did not intend to employ Plaintiff for two years.

45. Defendant's representation was material.

46. Defendant's false representation was intentional with an intent to mislead.

47. Plaintiff relied on Defendant's promise in accepting the employment and executing the Contract.

48. Plaintiff was damaged as a result of the false representation by not working and being paid by other employers.

49. But for Defendant's false representation, the Contract would not have been entered.

### **PRAYER FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that the Court grant the following relief:

a. Entry of judgment in favor of Plaintiff against Defendant;

b. Back pay;

c. Any and all compensatory and statutory damages available under ERISA;

d. Equitable restitution making Plaintiff whole for his loss of wages and benefits;

e. The full economic value of the contract to which Plaintiff was induced into signing and performing;

f. Punitive damages;

g. Pre-judgment interest as may be allowed by law;

h. Attorneys' fees and costs;

i. All other legal and equitable relief to which Plaintiff is entitled.

### **DEMAND FOR JURY**

Plaintiff demands trial by jury of all issues of fact raised by his Complaint.

Dated:  June 30, 2019

    Respectfully submitted,

    /s/ Denise M. Clark
    Denise M. Clark (17385)
    Clark Law Group, PLLC
    1100 Connecticut Ave., N.W., Suite 920
    Washington, D.C. 20036
    (202) 293-0015
    dmclark@benefitcounsel.com

    *Counsel for Plaintiff*